IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-191-FL

| WANDA S. HUDSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | ORDER |
| VOLUNTEERS OF AMERICA OF | ) |  |
| CAROLINAS, PACE SENIOR | ) |  |
| COMMUNITY CENTER OF NORTH | ) |  |
| CAROLINA, and DUKE HOSPITAL, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

This matter comes before the court on the application by plaintiff to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones entered memorandum and recommendation ("M&R"), wherein it is recommended that plaintiff be allowed to proceed with her action IFP, but not allow any claims within complaint pertaining to third party injuries. Plaintiff objects, seeking relief for injuries of another person. Plaintiff also moves for the appointment of counsel (DE 6). In this posture, the issues raised are ripe for adjudication. The court adopts the M&R, grants plaintiff's motion to proceed in forma pauperis, dismisses plaintiff's claims for relief pertaining to injuries suffered by other persons on frivolity review, and denies plaintiff's motion for appointment of counsel as set forth herein.

**STATEMENT OF THE CASE**

On May 1, 2018, plaintiff, proceeding pro se, initiated this matter by filing a motion for leave to proceed in forma pauperis. Plaintiff alleges several violations of federal law, including the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, retaliation for reporting an EMTALA violation, violation of the Pay Act, and violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Plaintiff seeks to recover for her own injuries, as well as injuries of an unnamed patient ("unnamed patient") that she provided health services to.

The magistrate judge recommended that plaintiff's case be allowed to proceed IFP as to any violations of federal law suffered by plaintiff as a result of her injury from unnamed patient, lack of pay for work performed by plaintiff, retaliation for reporting a violation of EMTALA, and disability discrimination under the Rehabilitation Act. However, the magistrate judge also recommended that any claim asserted by plaintiff on behalf of unnamed patient be dismissed as frivolous, as plaintiff does not have standing to sue for injuries caused to unnamed patient.

Plaintiff objected to the M&R, arguing that she does have standing to sue on behalf of unnamed patient because of her relationship to unnamed patient as a caregiver, and because unnamed patient is dead. Plaintiff also claims she is entitled to appointment of counsel.

**STATEMENT OF THE FACTS**

The facts alleged in the complaint can be summarized as follows. Plaintiff worked for Volunteers of America Home Health Agency of North Carolina ("VOA"). (Compl. ¶ 13). During the course of her employment, plaintiff served as a caretaker for unnamed patient at Duke Hospital, without proper compensation from her employer. (See id. ¶ 19). Unnamed patient was improperly discharged on May 1, 2016 from Duke Hospital before being properly stabilized. (Id. ¶ 8). Because unnamed patient was not stabilized, unnamed patient fell on plaintiff, causing injury to plaintiff on

May 12, 2016. (Id. ¶¶ 8, 17). Unnamed patient subsequently died after being discharged under similar circumstances in January 2018. (Id. ¶ 5).

Following her injury, plaintiff reported EMTALA violations to VOA and Pace Senior Community Center of North Carolina ("Pace"). She alleged unnamed patient had been improperly discharged from the hospital and asked to be paid for the care provided to unnamed patient. (Id. ¶ 19). VOA and Pace retaliated against plaintiff by refusing to pay her, demoting her, and ultimately discharging her. (Id.).

**COURT'S DISCUSSION**

A.    Motion to Proceed In Forma Pauperis

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. The court finds that plaintiff has made a satisfactory showing of indigence. Accordingly, plaintiff's in forma pauperis application is GRANTED.

B.    Frivolity Review

    1.    Standard of Review

The court must dismiss a case brought in forma pauperis if it determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); see Denton v. Hernandez, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's

findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2. Third Party Standing

In order for a plaintiff to show standing, she must show that she "(1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Hutton v. Nat'l Bd. of Examiners in Optometry, Inc., 892 F.3d 613, 619–20 (4th Cir. 2018) (citing Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016)). To show injury in fact, "a party must assert his own legal rights and cannot rest his claim to relief on the legal rights ... of third parties." Sessions v. Morales-Santana, 137 S. Ct. 1678, 1689 (2017) (quotations omitted); Bishop v. Bartlett, 575 F.3d 419, 423 (4th Cir. 2009). A party may assert the rights of another where "the party asserting the right has a close relationship with the person who possesses the right [and] there is a hindrance to the possessor's ability to protect his own interests." Morales-Santana, 137 S. Ct. at 1689 (citing Kowalski v. Tesmer, 543 U.S. 125, 130 (2004)).

Plaintiff asserts that as a caregiver for unnamed patient, she has a sufficiently close

relationship with unnamed patient to assert unnamed patient's rights. Plaintiff's contention is unsupported by law. Only special relationships between parties where one party is uniquely positioned to assert the rights of others are generally allowed under standing doctrine. See, e.g., Morales-Santana, 137 S. Ct. at 1689 (parent-child); Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 623 (1989) (attorney-client). Plaintiff's status as a home caregiver is not sufficiently close to assert the rights of unnamed patient. See A Helping Hand, LLC v. Baltimore Cty., MD, 515 F.3d 356, 362 (4th Cir. 2008) (finding a clinic unable to assert ADA claims on behalf of ADA protected patients).

Moreover, there is no impediment to unnamed patient asserting her rights under EMTALA. By operation of law, the administrator or executor of a decedent's estate is able to bring claims for violations under EMTALA. See, e.g., Bryan v. Rectors & Visitors of Univ. of Virginia, 95 F.3d 349, 349 (4th Cir. 1996); Vickers v. Nash Gen. Hosp., Inc., 78 F.3d 139, 141 (4th Cir. 1996). Contrary to plaintiff's assertion, being dead does not prevent unnamed patient from asserting her legal rights. Thus, plaintiff's claims on behalf of unnamed patient fail as a matter of law for lack of standing.

The court concurs with the recommendation of the magistrate judge that plaintiff's remaining claims under EMTALA, the Rehabilitation Act, and Pay Act should not be dismissed at this juncture on the basis of standing where such claims involve injury to plaintiff.

C.  Motion for Appointment of Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the

individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir.1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989).

Plaintiff has not presented exceptional circumstances which merit the appointment of counsel. Plaintiff has only vaguely alleged that she is injured and requires accommodation because she is physically unable to proceed with her case. Plaintiff has thus far been able to participate in her case, and she has not demonstrated extraordinary circumstances meriting appointment of counsel. Therefore, the court denies plaintiff's motion for appointment of counsel. Plaintiff may raise motions for extension of time to respond to pending motions and other matters before the court once those matters are filed.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the M&R of the magistrate judge. Plaintiff's motion to proceed in forma pauperis (DE 1) is GRANTED. Claims raised by plaintiff to recover for injuries caused to unnamed patient are DISMISSED without prejudice pursuant to § 1915(e)(2)(B) for failure to state a claim. Remaining claims asserted by plaintiff on her own behalf shall proceed. Plaintiff's motion for appointment of counsel (DE 6) is DENIED. The clerk is DIRECTED to serve complaint by US Marshal in accordance with Rule 4(c)(3).

SO ORDERED, this the 9th day of October, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge