IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-191-FL

| | |
|---|---|
| WANDA S. HUDSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VOLUNTEERS OF AMERICA OF )<br>CAROLINAS, VOLUNTEERS OF )<br>AMERICA NATIONAL SERVICES )<br>SENIOR COMMUNITY CARE OF )<br>NORTH CAROLINA, THE DUKE )<br>HOSPITAL, and SOUTHEASTERN )<br>HEALTHCARE OF NORTH )<br>CAROLINA, )<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on defendants Volunteers of America of Carolinas ("VAC") and Volunteers of America National Services Senior Community Care of North Carolina's ("VOANS") (collectively "VOA defendants") motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (DE 36). Also before the court is Duke University Health System, Inc.'s ("DUHS")[1] motion to dismiss for lack of personal jurisdiction, insufficient process, and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(6), or in the alternative for more definite statement pursuant to Rule 12(e) (DE 31). Plaintiff did not respond to either of the motions, and the time to do so has expired. The issues raised are ripe for decision.

---

[1] DUHS appears in the name of defendant denominated as "The Duke Hospital."

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se, initiated this case on May 1, 2018. Plaintiff alleges several violations of federal law, including the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, the Civil Rights Act of 1866, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 et seq., and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 et seq.. Plaintiff also alleges violation of the North Carolina Retaliatory Employment Discrimination Act of 1992 ("REDA"), N.C. Gen. Stat. § 95-240 et seq..

On frivolity review, the court dismissed plaintiff's claims on behalf of an unnamed patient under the third party standing doctrine, and allowed claims on plaintiff's behalf to proceed. Following plaintiff's efforts to serve defendants, VOA defendants and DUHS filed the instant motions.

## STATEMENT OF THE FACTS

The facts alleged in the complaint can be summarized as follows. Plaintiff worked for Volunteers of America Home Health Agency of North Carolina ("VOA Home Health"). (Compl. ¶ 13). During the course of her employment, plaintiff took care of an unnamed patient in that patient's home. (Id. ¶ 16). That patient was transferred by defendant Southeastern Healthcare of North Carolina ("Southeastern Healthcare") to defendant "the Duke Hospital" after being injured due to an improper medication dosage. (Id.). Defendants Southeastern Healthcare and "the Duke Hospital" transferred the unnamed patient back and forth, until the patient was discharged on May 1, 2016 from "the Duke Hospital." (Id. ¶¶ 8, 19). The patient had not recovered from her ailments and fell on plaintiff, causing injury to plaintiff on May 12, 2016. (Id. ¶¶ 8, 15, 17).

Following her injury, plaintiff reported EMTALA violations to VOA defendants. She alleged the patient had been improperly discharged from the hospital and asked to be paid for the care provided to the unnamed patient. (Id. ¶ 19). VOA defendants allegedly retaliated against plaintiff by refusing to pay her, demoting her, discharging her, and refusing to rehire her. (Id.).

**COURT'S DISCUSSION**

The court first disposes of DUHS's motion to dismiss and then turns its attention below to VOA defendant's motion. Finally, the court addresses on its own initiative plaintiff's purported service of defendant Southeastern Healthcare.

A.   Duke University Health System's Motion to Dismiss (DE 31)

1.   Standard of Review

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of a claim for lack of personal jurisdiction. "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). At this stage, the court "must construe all relevant pleading allegations in the light most favorable to plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989); see Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir.1993)( "[T]he district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor.").

A motion under Rule 12(b)(4) challenges the sufficiency of process. See Fed. R. Civ. P. 12(b)(4). "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure

of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. The plaintiff bears the burden of establishing that process properly has been served. Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); see also Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) (holding the plaintiff must prove service of process if challenged).

2. Analysis

"A summons must: (A) name the court and the parties; [and] (B) be directed to the defendant . . . ." Fed. R. Civ. P. 4(a)(1). Plaintiff names "Duke" and "Office of Duke Counsel" as a party in her summons, presumably seeking to serve process on the defendant named in her complaint as "The Duke Hospital." (See Complaint (DE 5) at 1; Summons (DE 10) at 7). Plaintiff may have intended to name DUHS or one of its member institutions as a defendant. (See Process Receipt and Return (DE 14) at 1-2). However, there is no legal entity within DUHS by the name of "the Duke Hospital," and the no such legal entity existed at the time of the transactions plaintiff alleges (See Thornton Decl. (DE 33)). For these reasons, plaintiff's process is insufficient.[2] The court dismisses plaintiff's claims against defendant "The Duke Hospital" without prejudice. If plaintiff did intend to sue DUHS, then she must seek leave to amend her complaint and correct this error. Where the court has granted DUHS's motion to dismiss, the court does not reach its alternative motion for more definite statement.

B. VOA Defendants' Motion to Dismiss (DE 36)

1. Standard of Review

---

[2] For the same reasons, the court also lacks personal jurisdiction over DUHS. See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

2.  Analysis

Plaintiff has failed to allege VOA defendants employed her. (See Compl. ¶¶ 13, 14). This in itself is sufficient to defeat her claims under EMTALA, Title VII, ADA, REDA, the Rehabilitation Act, and, on the facts alleged, § 1981. Assuming based on plaintiff's status as a pro se litigant that one of the VOA defendants employed plaintiff, her claims still fail.

5

a. EMTALA

"EMTALA imposes on participating hospitals duties (1) to provide to persons presented for treatment 'an appropriate medical screening ... to determine whether or not an emergency medical condition ... exists,' and (2) to stabilize the condition or, if medically warranted, to transfer such persons to other facilities." Williams v. United States, 242 F.3d 169, 173–74 (4th Cir. 2001) (citing 42 U.S.C. § 1395dd(a)-(c)); see Vickers v. Nash Gen. Hosp., Inc., 78 F.3d 139, 142 (4th Cir. 1996). In addition, "[a] participating hospital may not penalize or take adverse action against . . . any hospital employee because the employee reports a violation of a requirement of [EMTALA]." 42 U.S.C. § 1395dd(i). EMTALA provides a private right of action against participating hospitals to enforce these provisions. See 42 U.S.C. § 1395dd(d)(2).

A "participating hospital" is a hospital that enters a provider agreement in exchange for Medicare funding. See 42 U.S.C. § 1395dd(e)(2). "Hospital" means, among other things, an institution that "is primarily engaged in providing, by or under the supervision of physicians, to inpatients (A) diagnostic services and therapeutic services for medical diagnosis, treatment, and care of injured, disabled, or sick persons, or (B) rehabilitation services for the rehabilitation of injured, disabled, or sick persons." Id. § 1395x(e).[3] In contrast, a "home health agency" means "a public agency or private organization" which, among other things, "is primarily engaged in providing skilled nursing services and other therapeutic services." Id. § 1395x(o). "[H]ome health services" means certain services provided "by a home health agency . . . on a visiting basis in a place of residence used as such individual's home." Id. § 1395x(m).

Plaintiff does allege that she reported violations of EMTALA. (Compl. ¶¶ 2, 8, 17, 19).

---

[3] Under the EMTALA, the term "hospital" also means a critical access hospital. See 42 U.S.C. §§ 1395x(mm)(1), 1395dd(e)(5).

However, plaintiff is an employee of Volunteers of America Home Health Agency. (Id. ¶ 13). She "was asked to take care one on one at the patient's home." (Id. ¶ 16). Even viewing the allegations in the light most favorable to plaintiff, plaintiff fails to allege that she was a hospital employee, or her employer is a participating hospital subject to the requirements of the EMTALA. See Power v. Arlington Hosp. Ass'n, 42 F.3d 851, 854 n.1 (4th Cir. 1994); Baber v. Hosp. Corp. of Am., 977 F.2d 872, 877 (4th Cir. 1992) ("Congress intended to limit the [] right to recover damages for violations of EMTALA to suits against hospitals."). Therefore plaintiff's EMTALA claim against defendants is dismissed for failure to state a claim.

      b.     Title VII, ADA, REDA

An essential requirement for claims under Title VII,[4] the ADA, and REDA is that plaintiff exhaust her administrative remedies against her employer before filing a civil action. See 42 U.S.C. §§ 2000e-5(b), (f)(1), 12117(a); N.C. Gen. Stat. §§ 95-242(b), 95-243; Sydnor v. Fairfax Cty., Va., 681 F.3d 591, 593 (4th Cir. 2012). A failure to exhaust administrate remedies deprives the court of subject matter jurisdiction. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009); Abrons Family Practice & Urgent Care, PA v. N. Carolina Dep't of Health & Human Servs., 370 N.C. 443, 447 (2018). Plaintiff never alleges she engaged in necessary federal or state administrative review of charges of discrimination or retaliation before initiating this action, and she does not come forward with any record of proceedings before the relevant agencies. Consequently, the court dismisses plaintiff's claims against defendants under Title VII, ADA, and REDA for lack of subject matter jurisdiction.

      c.     42 U.S.C. § 1981

---

[4] The Lilly Ledbetter Fair Pay Act of 2009 ("Fair Pay Act") provides enforcement terms for Title VII discrimination claims involving pay discrimination. See 42 U.S.C. § 2000e-5(e)(3). Therefore, plaintiff's claim under the Fair Pay Act claim under Title VII also subject to exhaustion requirements.

"Section 1981 protects all persons from racial discrimination in making and enforcing contracts." Woods v. City of Greensboro, 855 F.3d 639, 645 (4th Cir. 2017) (citing 42 U.S.C. § 1981). Plaintiff does not allege that defendants discriminated or retaliated against her on the basis of her race. (See Compl. ¶¶ 12, 19). Therefore, plaintiff's claim under § 1981 is dismissed for failure to state a claim.

        d.        Rehabilitation Act

To establish a claim under the Rehabilitation Act, plaintiff must allege she "(1) has a disability; (2) is otherwise qualified for the employment; and (3) was excluded from that employment due to discrimination solely on the basis of her disability." Reyazuddin v. Montgomery Cty., Maryland, 789 F.3d 407, 418 (4th Cir. 2015). "The third element contains two subparts: (1) an adverse employment action and (2) discrimination based solely on disability." Id. at 419. To allege failure to accommodate, plaintiff must state facts showing "(1) she qualifies as an 'individual with a disability' as defined in 29 U.S.C.A. § 705(20); (2) [defendant] had notice of her disability; (3) she could perform the essential functions of her job with a reasonable accommodation; and (4) [defendant] refused to make any reasonable accommodation." Id. at 414. A prima facie case of retaliation requires plaintiff allege "(1) that [s]he engaged in protected activity, (2) that [defendant] took an adverse action against [her], and (3) that the adverse action was causally connected to [her] protected activity." S.B. ex rel. A.L. v. Bd. of Educ. of Harford Cty., 819 F.3d 69, 78 (4th Cir. 2016).

Plaintiff's given reasons for her employer's adverse actions are 1) she reported an EMTALA violation, and 2) she demanded payment for services rendered. (Compl. ¶ 19). Therefore, plaintiff fails to plausibly allege her demotion, determination, and refusal to rehire by VOA defendants were

8

solely caused by a disability.[5] She fails to allege that she requested accommodation, what the accommodation was, or how VOA defendants responded to her request. (See Compl. ¶¶ 13, 19, 20). Plaintiff's statements regarding the EMTALA and her demand for pay are not statements protesting discrimination on the basis of her disability, and consequently not protected activity. (See id.). Plaintiff's Rehabilitation Act claims against VOA defendants are dismissed under Rule 12(b)(6).

C.     Defendant Southeastern Healthcare

Process receipt and return was filed on October 30, 2018, for process mailed to "Southeastern Health of NC." (Process Receipt and Return (DE 13) at 2). Service of process on business entities generally may be perfected by sending registered or certified mail, return receipt requested, to an officer, director, managing agent, or agent authorized to be served process. See Fed. R. Civ. P. 4(e)(1); N.C.R. Civ. P. 4(j)(6)(c), 4(j)(8)(c). Plaintiff has not addressed process through certified mail to an officer, director, managing agent, or agent authorized to be served process. Pursuant to Rule 4(m), the court notices plaintiff that she has failed to timely serve this defendant, and extends the period of time in which plaintiff may serve defendant Southeastern Healthcare.

**CONCLUSION**

For the foregoing reasons, DUHS's motion to dismiss for lack of personal jurisdiction and insufficiency of process (DE 31) is GRANTED. VOA defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim (DE 36) is GRANTED. Defendants VAC, VOANS, and the Duke Hospital are DISMISSED WITHOUT PREJUDICE. Plaintiff is ALLOWED 21 days to file a motion to amend her complaint, together with proposed amended complaint, correcting the deficiencies noted herein. Plaintiff is FURTHER ALLOWED 21 days to perfect

---

[5] The court assumes plaintiff's alleged disability is being unable to use her hands, though it is far from clear what "new disability" plaintiff is referring to. (See Compl. ¶¶ 12, 19).

9

service on defendant Southeastern Healthcare, and 28 days to file proof of service. Should plaintiff fail to file proof of service within the time specified, plaintiff's remaining claims against defendant Southeastern Healthcare shall be DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this the 22nd day of April, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge